UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHONG WOONG LEE,

                        Plaintiff,

             - against -

THE SOLOMON GROUP, LLC, and RICHARD S.
YOON

                     Defendants.

Case No.

**<u>COMPLAINT AND JURY
TRIAL DEMAND</u>**

Plaintiff CHONG WOONG LEE by and through his undersigned attorneys, Hang &

Associates, PLLC, hereby files this complaint against the Defendant THE SOLOMON GROUP,

LLC and RICHARD S. YOON, alleges and shows the Court the following:

## <u>INTRODUCTION</u>

1.     This is an action against Defendants under Title I of the Americans with

Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.* (the "ADA"), and Section 296 <u>et seq.</u> of the

New York State Human Rights Law (the "NYSHR")

2.     Chong Woong Lee, (hereinafter "Lee" or "Plaintiff") is a qualified individual with

a disability, who was unlawfully terminated by The Solomon Group, LLC and Richard S. Yoon

(hereinafter collectively "Defendants") because of his disability, and was denied a reasonable

accommodation.

3.     As a result of Defendants' willful conduct, Plaintiff is seeking (1) compensatory

damages, (2) punitive damages,  and (3) attorney's fees and costs.

**ADMINISTRATIVE HISTORY**

4.      Prior to filing this lawsuit, Plaintiff filed a charge of employment discrimination with the U.S. Equal Employment Opportunity Commission (E.E.O.C.). Plaintiff received a Notice of Right to Sue from the EEOC dated August 16, 2017.  (Exhibit A).   Plaintiff has timely commenced this action within 90 days of Plaintiff's receipt of said Notice of Right to Sue.

**JURISDICTION AND VENUE**

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C.  §216(b), 28 U.S.C. § 1331 as this case arises under federal law, specifically pursuant to Section 107(a) of the Americans with Disabilities Act, 42 U.S.C.A. § 12117(a).

6.      With respect to all state and city claims ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

8.      Plaintiff Lee is a resident of Queens, New York, and was employed by Defendant The Solomon Group, LLC as a building manager at a building owned by Defendants, located at 218-14 Northern Blvd., Bayside, NY 11361.

**DEFENDANTS**

9.      Defendant The Solomon Group, LLC is a domestic corporation, incorporated in the State of New York and has had more than 15 employees throughout the relevant time period.

10.     Upon information and belief, Defendant Richard S. Yoon resides in the State of New York, County of Queens and is the owner, officer, director, and/or managing agent of The Solomon Group, LLC.

11.     Defendant is an "employer" under the ADA and the NYSHR.

## STATEMENT OF FACTS

12.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

13.     Plaintiff worked for Defendants as a building manager from September 5, 2016 until Defendants unlawfully terminated him on December 15, 2016.

14.     Plaintiff suffered an injury while working for his previous employer that resulted in a hearing disability, requiring him to wear a hearing aid.

15.     Plaintiff had an interview with Defendants on or about September 3, 2016, in which Defendant Yoon asked whether Plaintiff has a hearing disability and how severe the disability was.

16.     After Defendant Yoon asked about the disability, Plaintiff disclosed that he does have a hearing disability but that he can perform all essential job functions with the hearing aid.

17.     Plaintiff's duties as a building manager included light maintenance work, security, and setting temperatures in the building.

18.     Plaintiff was otherwise qualified for the job and was able to perform all essential job functions with the hearing aid.

19.     Throughout Plaintiff's employment, he was recognized by the tenants as a competent and effective employee.

20.     Plaintiff never received complaints from the tenants nor did Defendants ever warn

Plaintiff about being unable to perform the essential job duties.

21.     On December 15, 2016, Defendants told Plaintiff via a text message that he was being terminated and listed Plaintiff's hearing disability as one of the reasons for termination. The text message is attached hereto as Exhibit 2, with translations.

22.     Defendants terminated Plaintiff's employment because of his disability without providing reasonable accommodation.

23.     All of the above conduct was committed willfully and maliciously.

24.     Based on the foregoing, Defendants discriminated against Plaintiff because of his disability by terminating his employment and refusing to accommodate his disability in violation of the ADA and the NYSHR.

25.     By and through its course of conduct as alleged above, Defendants and its agents have violated the Plaintiff's rights under the ADA and the NYSHR.

26.     As a result of Defendants' unlawful actions, Plaintiff has suffered lost pay and benefits, humiliation, embarrassment, and mental anguish.

## STATEMENT OF CLAIM

### COUNT I
**[Violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973 - Disability Discrimination and Failure to Accommodate in]**

27.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

28.     Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

29.     By the acts and practices described above, the Defendant has discriminated against the Plaintiff based on his disability in violation of the ADA.

4

30.     By the acts and said practices alleged above, Defendant has violated their independent duty to institute and engage in an interactive process with the Plaintiff in an attempt to find a reasonable accommodation for him.  Further, Defendant failed to provide Plaintiff with a reasonable accommodation.

31.     By the acts and said practices alleged above, Defendants unlawfully terminated Plaintiff's employment because of his disability in violation of the ADA.

32.     Defendants knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

**COUNT II**
**[Violation of N.Y. State Human Rights Law – Disability Discrimination and Failure to Accommodate]**

33.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-32 above as if set forth fully herein.

34.     By the acts and practices described above, Defendants discriminated against Plaintiff and terminated him on the basis of his disability. As a result, Plaintiff's termination was in violation of the New York State Human Rights Law §§ 296-301.

35.     By the acts and practices alleged above, Defendants have violated their independent duty to institute and engage in an interactive process with the Plaintiff in an attempt to find a reasonable accommodation for her.  Further, Defendants failed to provide Plaintiff with a reasonable accommodation.

36.     Defendants knew or should have known that their actions constituted disability discrimination and/or a willful disregard of Plaintiff's statutorily protected rights.

37.     Plaintiff has suffered damages, including but not limited to economic loss, physical and emotional stress, pain and suffering, psychological damage, embarrassment and

adverse effects upon her daily, personal and social life as a result of Defendants' discriminatory conduct.

## **Prayer For Relief**

WHEREFORE, Plaintiff respectfully request that this court enter a judgment providing the following relief:

a)      A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, State of New York and the City of New York;

b)      An injunction and order permanently restraining Defendant and its partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

c)      An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment.;

d)      An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress.;

e)      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, lost income, reputational harm, and harm to professional reputation, in an amount to be determined at trial;

f)      An award of punitive damages in an amount to be determined at trial;

g)      Prejudgment interest on all amounts due;

h)      An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

i)      Such other and further relief as the Court may deem just and proper.


Dated: Flushing, New York
       October 31, 2017

                                    HANG & ASSOCIATES, PLLC.

                                    */S/ JIAN HANG*
                                    Jian Hang, Esq.
                                    136-20 38th Ave., Suite 10G
                                    Flushing, New York 11354
                                    Tel: 718.353.8588
                                    jhang@hanglaw.com
                                    *Attorneys for Plaintiff*

# EXHIBIT 1

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Chong Lee
42-02 Kissena Blvd.
Apt #6S
Flushing, NY 11355

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-01083 | Sarina L. Shaver, Investigator | (212) 336-3776 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin J. Berry,
District Director

8/16/17
(Date Mailed)

Enclosures(s)

cc: Richard Yoon
Director of Human Resources
THE SOLOMON GROUP LLC
218-14 Northern Boulevard
Bayside, NY 11361

Phillip Kim, Esq.
HANG & ASSOCIATES PLLC
136-18 39th Avenue, Suite 1003
Flushing, NY 11354

9

# EXHIBIT 2



박사님 ! 서 내일 코트에 감니다. 컬리엄하테. 내일
아침 온도 부탁해놓았습니다. 오늘 늦게 퇴근하고
내일 청소할것.  쓰레기 비우고 퇴근할겸니다.

4:46 PM

Thursday, December 15, 2016

Richard Yoon MD

너무자주 근무지를 이탈하고 코트에가고 귀도 어
두워 잘 이해하기힘들고 몸이 건강치않아 자주 술
을 드는 모양인데 눈이오는 겨울을 위해서라도 더
평안이 일할데를 찾아 옮기는것이 좋을것 같아요.
우리 회계사도 꼭같은 생각이지요.

5:47 PM

네 알겠읍니다.  1월31일까지 notice 주십시요.

5:50 PM

그리고 귀가 안들린다. 근무지 이탈한다. 하셨죠.
나를 fire  을 할수있으면 해보세요.  그리고 술마시
는것 일하는데 지장 있읍니가.  어쩌다 마시는 술 .
그리고 코트가는것은 그전날 청고다하고 빌딩에 지
장 없게 하는데 .이건 아니네요. 마음대로 해보세요.

6:52 PM

Hallway 페인트한것 3일동안 주말에 토요일 일요
일  10시간 이상했는데. 일당 $75, $75. $50 불 임
금 착취인것 아세나여.

6:58 PM

돈좀 가지고 계신다고 이런시면 안됩니다. 사람 알
기을 우습게ー아시네여.

7:00 PM

돈많은 박사님께서 . 수단방법을 쓰시면 저 또한 단
호한 대응 할겁니다. 저는 공부는  많이 못했어도 노
동법에 좀 암니다.

7:16 PM

박사님이라구하셨죠   예스니이 어떻게 하셨나요

**Translation:**

**Chong Woong Lee (in yellow)**
4:46 PM: Doctor! I have to go to the Court tomorrow. I've asked William to set the temperature tomorrow morning. I'll work late today and go home after I finish tomorrow's cleaning and take out the garbage for tomorrow.

### Thursday, December 15, 2016

**Richard Yoon MD (in white)**
5:47PM "You leave work too frequently, go to court, have a poor hearing so it's hard to understand you, and drink often because of your bad health. I think you should find a different job where you will be more comfortable since winter is coming. My accountant thinks the same way.

**Chong Lee (in yellow)**
5:50pm: "Okay I understand. Please give me a notice until January 31st."

6:52pm: "You said I can't hear, and that I leave work frequently right? Fire me if you can. Drinking had no effect on my job, since I drink very infrequently. I went to the court after giving you proper notice and making sure my job won't be affected. This isn't right. Try to do what you want."

6:58pm: "I worked over 10 hours extra each week for 3 weekends painting the hallway. Do you know that only paying me $75, $75, and $50 for those weeks are illegal"

7:00pm: "You can't do this just because you're wealthy. You're treating me like a joke."

7:16pm: "A wealthy doctor like you. If you do something I'll also react sternly. I don't have that much education but I know some things about the labor law."

**<u>Certificate of Translation</u>**

I, Phillip Kim, hereby swear and affirm that I am fluent in both English and Korean. I am not a party to this action and I did not receive any benefit to serve as a neutral translator/interpreter to transcribe what was written in Korean and translate them into English, I affirm that the above paragraphs in English are a true and accurate reflection of the written Korean document.


  /s/ Phillip H. Kim
Signature